NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-580

L.B.

vs.

S.A.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an order denying her motion to terminate or modify an abuse prevention order issued pursuant to G. L. c. 209A, § 3.  We affirm.

Background.  The parties previously dated and share two children in common.  On November 23, 2022, the plaintiff filed a complaint for an order under G. L. c. 209A (209A order or order) against the defendant.  A Probate and Family Court judge issued a 209A order ex parte.  On December 9, 2022, after an extension hearing with both parties present, the order was extended for one year.  On December 6, 2023, again after a hearing with both parties present, the order was extended for an additional four years.  The defendant filed motions to modify or terminate the

209A order in December 2022, January 2024, August 2024, and March 2025, all of which were denied.  The defendant appeals from the March 2025 order denying her motion to modify or terminate the 209A order.

Discussion.  "A defendant's motion to terminate an order [under G. L. c. 209A] is not a motion to reconsider the entry of a final order, and does not provide an opportunity for a defendant to challenge the underlying basis for the order or to obtain relief from errors correctable on appeal."  MacDonald v. Caruso, 467 Mass. 382, 388 (2014).

> "[A] defendant who seeks to terminate such an order must show by clear and convincing evidence that, as a result of a significant change in circumstances, it is no longer equitable for the order to continue because the protected party no longer has a reasonable fear of imminent serious physical harm."

Id. at 382-383.  We review the modification or termination of an abuse prevention order for an abuse of discretion.  See Cordelia C. v. Steven S., 95 Mass. App. Ct. 635, 638 (2019).

On appeal, the defendant argues that the 209A order was issued and extended based on false allegations and without proper notice.  She also asserts that the order has caused her job loss and emotional damage.  Finally, the defendant contends that the plaintiff used the order to harass her.  At the March 2025 motion hearing, the defendant challenged the initial issuance of the 209A order for the same reasons but did not

2

allege any change in circumstances relating to the plaintiff's reasonable fear of imminent serious physical harm.  The judge denied the motion, finding that "[t]here's no legal basis to terminate that restraining order."  Because the only issue before the judge at the March 2025 hearing was whether a change in circumstances justified modifying or terminating the 209A order, we discern no abuse of discretion in his denial of the defendant's motion.  See MacDonald, 467 Mass. at 382-383, 388.[1]

> Order entered March 31, 2025, denying motion to terminate or modify abuse prevention order affirmed.
>
> By the Court (Grant, Walsh & Brennan, JJ.[2]),

*Paul Little*

Clerk

Entered:  May 19, 2026.

---

[1] We do not address the defendant's challenge to the judge's order that any future motions to modify the 209A order not be scheduled for hearing without the approval of the judge or the judicial case manager, as it does not rise to the level of appellate argument.  See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019).  Even if we were to consider this argument, the judge was not required to continue to schedule hearings on motions based on the same grounds for which he had previously denied the defendant's motions, and thus he did not abuse his discretion by ordering this restriction.  See Audubon Hill S. Condominium Ass'n v. Community Ass'n Underwriters of Am., Inc., 82 Mass. App. Ct. 461, 470 (2012).

[2] The panelists are listed in order of seniority.

3